IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

THOMAS RAY RODRIGUEZ,             §
    Plaintiff,                                §
                            §
v.                                              §          EP-24-CV-00288-DB
                            §
GRACE CHAVIRA,                        §
    Defendant.                             §

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I.      INTRODUCTION

On this day, the Court considered Defendant Grace Chavira's ("Defendant") "Motion to Dismiss" ("Motion") filed on September 25, 2024, ECF No[1]. 11. Therein, Defendant requests this Court dismiss Plaintiff Thomas Ray Rodriguez's ("Plaintiff") against her for "lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted." *Id.* at 1. Plaintiff did not respond to Defendant's Motion. Having considered the arguments presented by Defendant, the Court is of the opinion that such Motion should be granted, and therefore dismisses Plaintiff's case without prejudice.

### II.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Thomas Ray Rodriguez, a pro se litigant, filed his complaint[2] ("Complaint") pursuant to Section 1983, claiming a civil rights violation claim against Defendant Grace Chavira on or about August 19, 2024. *See* Compl., ECF No. 1. The case was originally filed in the District of New Mexico and transferred to the Western District of Texas – El Paso Division

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

[2] Plaintiff's Complaint was hand-written, as opposed to being typed, and was largely nonsensical. As a result, the Court struggled to fully comprehend Plaintiff's allegations against Defendant and what damages he was specifically requesting.

thereafter. *See* Mem. Op. and Order Transferring Case to the W. Dist. of Tex., ECF No. 5. On

August 29, 2024, after receiving the case, this Court granted Plaintiff's request to proceed in

forma pauperis, thereby allowing Plaintiff to file his case without having to pay filing fees. *See*

Order Granting Pl.'s Mot. to Proceed In Forma Pauperis, ECF No. 7. Plaintiff received a

summons for Defendant on the same day he was allowed to proceed in forma pauperis, and the

summons for Defendant was returned executed on September 9, 2024. *See* Summons, ECF No.

8; Summons Returned Executed, ECF No. 9.

From what the Court can glean from Plaintiff's Complaint, Plaintiff states that he has

"sole custody of [his] two boys in New Mexico" and "CPS in Texas [is] literally refusing to

return [his] boys to [him] in New Mexico." Compl. 1, ECF No. 1. Plaintiff goes on to state that

he is the father of six kids: four boys and two daughters and the children's mother pleaded guilty

to battery on a household member. *Id.* at 2. As a purported cause of action, in Count 1, Plaintiff

states that his rights have been violated because of "custodial interference, kidnapping, have sole

custody of the boys" and provides no supporting facts. *Id.* at 3. As to Count 2, Plaintiff's second

and final count, Plaintiff alleges that "mother charged for child abuse[,] found drugs in my boys

(sic) system." *Id.* He then states that his children were removed from their mother "due to child

abuse." *Id.*

Plaintiff claimed that he previously "sought informal or formal relief from the appropriate

administrative officials regarding" his purported causes of actions. *Id.* at 5. Plaintiff then stated

that he "never did anything to anyone[.] Just being a father and my two babies disappeared." *Id.*

Finally, in the section designated for "Request for Relief" Plaintiff states that he believes he is

2

entitled to "[r]eturn of [his] two boys D.R.R. . . . [and] K.R.R.[3]" as well as $250 in damages."
*Id.* In addition to the standardized form Plaintiff filed, Plaintiff attached multiple pages of
handwritten information stating once again that he has "sole custody of children" and that "Texas
CPS refusing to return kids" and states that he attached his sole custody order. *Id.* at 7.

Plaintiff also included in his filing a document issued by the district court in Luna
County, New Mexico, called "Third Amended Ex-Parte Order Setting Temporary Custody in this
Case." *See* Third Am. Ex-Parte Order Setting Temporary Custody in this Case, *Rodriguez v.
Ochoa*, No. D-619-DM-2024-00003, (6th Jud. Dist. Ct. Jul. 2, 2024), Compl. 9, ECF No. 1.
Therein, the New Mexico court found that "[s]ole custody of the children D.R.R. age 2 and
K.R.R. age 4 shall be awarded to Petitioner on an ex-parte basis and temporarily until a contested
hearing can be held in this matter." *Id.*

On September 25, 2025, Defendant, by and through her counsel the Texas Office of the
Attorney General ("Texas AG") filed the instant Motion, seeking dismissal of the case against
her. *See* Mot., ECF No. 11. Therein, Defendant asked the Court to dismiss the instant case
against her because this Court has no subject matter jurisdiction, and because Plaintiff has failed
to state a claim upon which relief can be granted. Mot. 1, ECF No. 11. The Court agrees with
Defendant and will now explain its reasoning in turn.

---

[3] Plaintiff uses his kids' full names in his "Complaint," however, because they are minors, this Court will remove
reference to their full names and refer to them only by their initials.

### III.    STANDARDS

#### A.  Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). This means that federal courts can only hear cases that are "endowed by the Constitution and that conferred by Congress." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1002 (5th Cir. 1981); *see also* U.S. CONST. art. III, § 2, cl. 1. Article III of the Constitution says in part that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution . . . to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State,—between Citizens of different States." U.S. CONST. art. III, § 2, cl. 1. This limitation is known as subject-matter jurisdiction. This subject matter jurisdiction "functions as a restriction on federal power." *Ins. Corp. of Ireland*, 456 U.S. at 702. For a federal court to be able to hear a case, "the jurisdictional facts must be alleged affirmatively or the Court is without jurisdiction." *N.Y. Life Ins. Co. v. Greenfield*, 154 F.2d 953 (5th Cir. 1946) (citations omitted).

Two ways a plaintiff can get into federal court, thereby establishing federal subject matter jurisdiction, are federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction grants federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, "[i]n order for jurisdiction to exist on the ground of a federal question, the federal question must be an essential element of plaintiff's cause of action and must form an integral part of the case." *Cogswell v. Bd. of Levee Com'rs of Orleans Levee Dist.*, 142 F.2d 750, 751 (5th Cir. 1944). And for diversity

4

jurisdiction to apply, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). For purposes of this Order, unless a case arises under the Constitution, federal law or federal treaty, or is between citizens from two different states who are arguing about more than $75,000, this Court *will not have jurisdiction*.

Parties to cases in federal court may challenge the federal court's jurisdiction. Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") governs motions to dismiss for subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion basically says the court is without the jurisdiction to even hear the case, and therefore must dismiss. A party may challenge the federal court's jurisdiction at any time during the litigation, even after trial, and even after a judgment has been entered. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Because subject-matter jurisdiction can never be waived or forfeited, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 502, 514.

### B. *Rule 12(b)(6) Motion to Dismiss*

In addition to dismissing a case for lack of subject-matter jurisdiction, a court may dismiss a case for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)"). For a party to avoid a dismissal on these grounds, "the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Ricks v. Khan*, 135 F.4th 296, 300 (5th Cir. 2025) (citations omitted). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* Finally, courts "must accept all well-pleaded

facts as true and construe pro se pleadings liberally." *Id.* In addition to giving pro se litigants

more leeway, lower courts are instructed "not to dismiss pro se complaints pursuant to Rule

12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from

the record that the plaintiff has pled his best case." *Id.* at 300—301.

Determining whether a complaint states a plausible claim for relief is a "context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A court considering a motion to dismiss can

choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Id.*

### C. Sovereign Immunity

The Eleventh Amendment prevents states from being sued in federal courts. *See* U.S.

CONST. amend. XI ("[t]he judicial power of the United States shall not be construed to extend to

any suit in law or equity, commenced or prosecuted against one of the United States by Citizens

of another State, or by Citizens or Subjects of any Foreign State."). However, "a [s]tate can

waive its Eleventh Amendment protection and allow a federal court to hear and decide a case

commenced or prosecuted against it." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267

(1997). It is a well-settled legal principle that "an unconsenting [s]tate is immune from suits

brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst*

*State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citation omitted). In other words,

unless sovereign immunity is "expressly waived," the state is "entitled to the protections of

6

sovereign immunity." *See Soto v. Tex. Dept. of Family and Prot. Servs.*, 197 F.Supp.3d 930, 932

(S.D. Tex. 2016). And in addition to the state itself being immune from suit, state agents and

individuals working on behalf of the state are also immune from suit. *See Halderman*, 465 U.S.

at 101 ("[t]he Eleventh Amendment bars a suit against state official when 'the state is the real,

substantial party in interest.'").

### IV.    ANALYSIS

First, this Court must dismiss Plaintiff's case as this Court lacks jurisdiction over

the claims because 1) the claims do not arise under federal question jurisdiction or diversity

jurisdiction, and 2) the Court lacks jurisdiction under Rule 12(b)(1), due to Defendant's

sovereign immunity. And second, even if this Court did have jurisdiction, this Court would still

have to dismiss because Plaintiff has failed to state a claim upon which relief can be granted,

under Rule 12(b)(6).

#### A.  *This Court Lacks Subject Matter Jurisdiction and Must Dismiss under Rule 12(b)(1)*

This Court lacks subject matter jurisdiction for a variety of reasons, and therefore must

dismiss Plaintiff's case under Rule 12(b)(1). The Court has neither federal question jurisdiction

nor diversity jurisdiction over these claims. Plaintiff alleged that Defendant "kidnapped" his

children in her role as a CPS worker for the State of Texas. Compl. 3, ECF No. 1. Defendant

argues that there is "no federal question in Plaintiff's Complaint because he is not asserting a

violation of federal law." Mot. 4, ECF No. 11. Defendant also argues that "[e]ven if this Court

would construe Plaintiff's allegation under the Parental Kidnapping Prevention Act (PKPA), the

Act does not create a private cause of action in federal court." Mot. 4—5, ECF No. 11. The

Court agrees with Defendant and finds that Plaintiff did not allege a federal cause of action that creates federal question jurisdiction in this Court.

Plaintiff's claims also fail under federal diversity jurisdiction. While Plaintiff states that he is a citizen of New Mexico, *see* Compl. 1, ECF No. 1, the Court has no information as to the citizenship or domicile of Defendant. Further, the amount in controversy requirement is similarly not met as Plaintiff has only requested "$250.00 in damages" which is well under the jurisdictional requirement of more than $75,000. Compl. 5, ECF No. 1. The Court finds that it lacks subject matter jurisdiction because Plaintiff has not met the amount in controversy for the Court to have diversity jurisdiction.

While the Court does not have to address other jurisdictional issues as there is no subject matter jurisdiction here, for the sake of its record, this Court will also discuss sovereign immunity. This Court lacks jurisdiction due to Defendant's sovereign immunity. Defendant is an employee of Child Protective Services ("CPS") in Texas. Mot. 2, ECF No. 11. As an employee of CPS, Defendant, by and through her employer the State of Texas, has sovereign immunity and is therefore immune from suit in federal court. *See Halderman*, 465 U.S. at 101.

In *Gaston v. CPS*, a case with a similar factual basis to the instant case, the court dismissed Gaston's suit for a lack of subject matter jurisdiction. *See* No. 3:24-CV-1997-X-BN, 2024 WL 4191725 (N.D. Tex., Aug. 27, 2024). Gaston alleged that CPS "falsely removed [her] children," *id.* at *1, not unlike Plaintiff's allegations in the instant case that Defendant "kidnap[ed]" his children. Compl. 3, ECF No. 1. The court in Gaston held that "because Gaston fail[ed] to identify an exception to sovereign immunity that allows this lawsuit against CPS to proceed in federal court, the complaint should be dismissed without prejudice for lack of subject

matter jurisdiction." *Gaston*, 2024 WL 4191725 at * 2. In *Noble v. CPS-Fort Worth* the court found that "CPS, an agency of the State of Texas, has not consented to be sued by Noble and is immune from the claims she asserts" under the Eleventh Amendment. No. 4:20-CV-00241-P-BP, 2020 WL 5505660 at *2 (N.D. Tex. Aug. 24, 2020).

Additionally, this Court would not have jurisdiction over Plaintiff's claims because he is effectively suing the State of Texas. While Plaintiff does not name the State of Texas in his complaint, he does name Defendant, a state officer, by name. "A suit against a state officer in [her] official capacity is treated as a suit against the state." *Price v. Hous. Auth. of New Orleans*, 320 Fed. App'x. 214, 216 (5th Cir. 2009) (citation omitted). Section 1983, the vehicle through which Plaintiff brings his claims, "does not apply against states." *Hall v. Dixon*, No. H-09-2611, 2010 WL 3909515 at *20 (S.D. Tex. Sep. 30, 2010).

Because this Court lacks subject matter jurisdiction over the claims in this case, and because a lack of subject matter jurisdiction cannot be agreed to, waived, or ignored, this Court must dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1).

### B. *Plaintiff Failed to State a Claim for Which Relief Can Be Granted and this Court Must Dismiss Under Rule 12(b)(6)*

In addition to the various jurisdictional issues this Court faces, this Court must also dismiss Plaintiff's case because he fails to state a claim for which relief can be granted under Rule 12(b)(6). For Plaintiff to avoid a dismissal on these grounds, he must have alleged "'enough facts to state a claim to relief that is plausible on its face.'" *Khan*, 135 F.4th at 300. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, Plaintiff has offered no coherent facts to even cobble together a cause of action this Court can

recognize let alone provide relief for, nor has he alleged any legitimate causes of action against Defendant that would authorize relief. Defendant also argued that "Plaintiff has pled no facts or actions taken by [Defendant] which allow the court to draw the reasonable inference that she is liable to the Plaintiff for the misconduct alleged." Mot. 14, ECF No. 11. Having determined that Plaintiff alleged no facts that would create a cause of action against Defendant for which this Court can provide relief, this Court must also dismiss Plaintiff's case under Rule 12(b)(6).

## V.    CONCLUSION

Having considered the allegations Plaintiff sets forth in his Complaint, ECF No. 1, as well as the arguments by Defendant in her Motion to Dismiss, ECF No. 11, this Court determines that it has no jurisdiction over the claims alleged by Plaintiff and must dismiss pursuant to Rule 12(b)(1). This Court also determines that Plaintiff failed to state a claim for which relief can be granted, and therefore this Court must dismiss under the separate ground of Rule 12(b)(6). Accordingly, the Court is of the opinion that the following orders shall issue:

**IT IS HEREBY ORDERED** that Defendant Grace Chavira's "Motion to Dismiss," ECF No. 11, is **GRANTED**.

**IT IS FURTHER ORDERED** that the instant case is **DISMISSED WITHOUT PREJUDICE**.

SIGNED this _10th_ day of **JULY 2025**.

THE HONORABLE DAVID BRIONES
**SENIOR UNITED STATES DISTRICT JUDGE**

10